## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER NOWOTNY, JR., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL CASE NO. 06-305-PMF |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Plaintiff, Lester Nowotny, Jr., seeks judicial review of a final decision of the Commissioner of Social Security denying his September, 2003, applications for disability benefits and supplemental security income. Nowotny's applications were denied following a determination by an Administrative Law Judge (ALJ) that he was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and §1383(c).

To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D). The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner must determine in sequence: (1)

whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id.*

The ALJ evaluated plaintiff's claim through Step 5 of the sequential analysis. He concluded that plaintiff's serious medical conditions significantly interfered with his ability to perform basic work activities but did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that despite severe physical impairments, plaintiff retained the ability to perform a significant range of light work. Specifically, plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, occasionally climb, balance, stoop, kneel, crouch, or crawl, but should avoid concentrated exposure to respiratory irritants. The ALJ decided that plaintiff was not disabled because he was able to make a successful adjustment to significant numbers of cashier, kitchen helper, janitorial, and hand packager jobs (R. 14-23).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent

findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

### I.      Period between January 1, 2002 and May 8, 2003

Plaintiff argues that the ALJ failed to consider whether his condition was severe enough to be disabling from the date he claimed to be disabled due to recurring back and leg pain to at least the date he completed physical therapy following his second back surgery. In suggesting that the ALJ should have issued a partly favorable decision, plaintiff relies on evidence that he re-injured his back in April, 2001; that Dr. Mirkin diagnosed a very large recurrent disc herniation in February, 2002; that treatment notes reflect an antalgic gait, positive straight leg raise tests, absent Achilles reflex, and rather severe pain; that Dr. Mirkin took him off work, prescribed pain medicine, and recommended additional back surgery; that a second surgery (revision laminectomy and fusion) was performed in December, 2002; that Dr. Mirkin estimated a four to six-month recovery period; and physical therapy notes rating plaintiff's pain intensity at 5 on a 10-point scale. Defendant responds that the ALJ reasonably relied on uncontradicted testimony from a vocational expert in concluding that plaintiff could perform a significant number of jobs despite the limitations caused by his impairments. She also points out that plaintiff did not present evidence that he was incapable of performing light work activity during any 12-month period.

Although plaintiff does not target a particular finding, he appears to challenge the ALJ's assessment of his residual functional capacity. Residual functional capacity (RFC) is an assessment

of the work-related activities an individual can perform despite physical and mental limitations. Social Security Ruling 96-8p; 20 C.F.R. § 404.1545(a). The analysis involves a function-by-function assessment of activities deemed essential for work. In general, claimants are responsible for providing evidence regarding their functional limitations. 20 C.F.R. § 404.1545 (a)(3). Where pain is a limiting symptom, ALJs must consider relevant factors, such as physician opinions, course of treatment and daily activities. *Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994).

The record shows that plaintiff underwent decompression surgery and was released to return to work on March 23, 2001. While back on the job, he performed strenuous tasks and may have suffered further injury (R. 296, 297). In May, 2001, Dr. Mirkin evaluated plaintiff's condition and imposed a 40-pound lifting restriction (R. 297). Diagnostic testing revealed some scar tissue and residual disc protrusion displacing the nerve root (R. 244).

In June and July, 2001, Dr. Mirkin reevaluated plaintiff's condition and formed the opinion that he could work without restrictions (R. 290-91). Plaintiff operated a conveyer belt at a factory, where he lifted and carried cylinders weighing up to 90 pounds (R. 103-104, 425-426).

In December, 2001, a physician's assistant evaluated plaintiff's condition and assessed low back pain. On exam, plaintiff had full range of motion in his back, with pain, and full range of motion and good strength in his legs. Plaintiff received a medical excuse from work for five days. Pain medicine was prescribed, and plaintiff was referred to Dr. Mirkin for further evaluation and treatment (R. 374, 375).

In February, 2002, Dr. Mirkin diagnosed a very large recurrent herniated disc. Aware that plaintiff's job requirements were especially strenuous, he decided to take plaintiff off work, recommend additional surgery, and treat plaintiff's pain with medication (R. 288, 296, 297). In

December, 2002, Dr. Mirkin performed the second surgery (R. 275). In January, 2003, Dr. Mirkin restricted plaintiff from work for six weeks and estimated that he would be off work for four to six months (R. 287).

Physicians reviewed plaintiff's medical records at various times and evaluated his ability to perform basic work functions. These assessments indicate that plaintiff retained the ability to perform sedentary and light work activities (R 194-201, 172-179).

The ALJ considered the evidence submitted and decided that plaintiff retained the ability to lift and/or carry items weighing up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and occasionally climb, balance, stoop, kneel, crouch, or crawl but should avoid environments where he would be exposed to concentrated levels of respiratory irritants (R. 20).

On careful review of the record, the Court finds that the ALJ's assessment of plaintiff's residual functional capacity for the period between January 1, 2002, and May 8, 2003, is supported by substantial evidence. Outside of the assessments prepared by reviewing physicians, evidence describing plaintiff's condition during this time period provides little information about his residual ability to walk, lift, carry, sit, and stand during a regular workday. While it is clear that plaintiff had a painful back impairment and was not able to perform his strenuous job, the ALJ was not required to draw the inference that plaintiff's pain and other symptoms prevented him from performing light or sedentary work on a regular and continuing basis. Similarly, evidence that Dr. Mirkin prescribed pain medicine does not dictate the inference that plaintiff was unable to perform light or sedentary work tasks. The administrative record substantially supports the ALJ's residual functional capacity assessment.

- 6 -

Plaintiff may also be challenging the ALJ's finding that substantial numbers of jobs were available during the relevant period. At the evidentiary hearing, a vocational expert responded to hypothetical questions and identified substantial numbers of jobs existing in the sedentary and light categories (R. 442-443). The vocational testimony was uncontested. This aspect of the ALJ's decision is supported by substantial evidence. *Sims v. Barnhart*, 309 F.3d 424, 432 (7th Cir. 2002).

In sum, plaintiff's argument for reversal lacks merit. The Commissioner's final decision denying plaintiff's September, 2003, applications for disability benefits and supplemental security income is AFFIRMED.

SO ORDERED:  August 15, 2007 .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**